**Reginaldo GOMEZ–PERALTA,
Petitioner,**

v.

**UNITED STATES, Respondent.**

**Nos. 03 CIV. 2266(RPP),
99 CR. 895(RPP).**

United States District Court,
S.D. New York.

Dec. 11, 2003.

David Cooper, New York, NY, Counsel for Petitioner.

James B. Comey, United States Attorney, by Michael Scudder, Jr., AUSA, New York, NY, Counsel for Defendant.

**OPINION AND ORDER**

ROBERT P. PATTERSON, Jr., District Judge.

On January 6, 2003 Reginaldo Gomez–Peralta (Petitioner) filed a motion requesting a writ of mandamus to compel his resentencing based on an alleged error in failure to credit him with time served.

The Court's records show that Mr. Gomez–Peralta was arrested in New York

---

City on October 5, 1998 (Aff. of Reginaldo Gomez–Peralta of Dec. 6, 2002 [hereinafter Affidavit] at 7, 12.) and sentenced to thirteen months' imprisonment for a parole violation (*id.* at 9.). Over one year—but less than thirteen months—later on October 20, 1999, Petitioner was taken from New York State custody, and transported to federal custody at the Metropolitan Correctional Center (MCC) pursuant to a federal writ. (*Id.* at 7.) While in custody at the MCC, Petitioner pled guilty to a federal charge of illegal re-entry, 8 U.S.C. § 1326(a) & (b)(2), and was sentenced to 48 months' imprisonment. On October 19, 2000, Petitioner was transferred from federal custody to state custody to serve the remainder of the state sentence. (Affidavit at 7.) On October 26, 2000, Mr. Gomez–Peralta was transferred to federal custody. (*Id.* at 6.)

Petitioner has exhausted his administrative remedies for his claim of mis-calculation of his time served. On December 11, 2001, he filed an "Inmate Request to a Staff Member." On December 14, 2001, he received a response from James Cochran, Inmate Systems Manager, stating that he had received documentation from the New York State Department of Corrections which, "reflects the violation term was served *un-interrupted* during the period inmate Gomez–Peralta was produced on Federal Writ, and the *"parole" discharge* to federal authorities effective October 26, 2000." (*Id.* at 7 (emphasis in original).) However, the Parole Revocation Decision Notice, included as an exhibit by the Petitioner in his motion, shows that Petitioner was sentenced to thirteen months on his parole violation. (*Id.* at 13.) The Notice also states that Petitioner's "delinquency date" was October 5, 1998. (*Id.* at 12.) The time from October 5, 1998 (when Petitioner was first arrested) to October 26, 2000 (when Petitioner's federal sentence has been computed as beginning) is well over the thirteen months to which

Petitioner was sentenced for his parole violation.

Petitioner appealed this decision by James Cochran by filing a "Request for Administrative Remedy" dated January 2, 2002, which was denied. (*Id.* at 15.) Next, Petitioner filed a Regional Administrative Remedy Appeal, which was also denied. (*Id.* at 17.) Petitioner filed this writ of Mandamus in response to the May 16, 2002 denial of his Central Office Administrative Remedy Appeal. (*Id.* at 19–20.)

"A defendant shall be given credit towards the term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... as a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b). Thus, it would appear the Petitioner should receive credit for the time he spent in federal custody from October 1999 to October 2000. However, this determination is for the Bureau of Prisons, and not the Court, to make. *United States v. Wilson,* 503 U.S. 329, 112 S.Ct. 1351, 1354, 117 L.Ed.2d 593 (1992) (holding that 18 U.S.C. § 3585(b) does not authorize a District Court to compute time served credit at sentencing); *United States v. Luna–Reynoso,* 258 F.3d 111, 117 (2d Cir.2001); *United States v. Montez–Gaviria,* 163 F.3d 697, 700–01 (2d Cir.1998) ("The Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive credit for any prior time spent in custody.").

As the Court has no jurisdiction to issue a writ of mandamus in this case, the Petitioner's order is denied. However, the Court has written a letter to the Bureau of Prisons clarifying the Court's understanding that the state did not credit the twelve months that Petitioner spent in pre-trial custody at the MCC towards his New York

State parole violation, and accordingly suggesting that Mr. Gomez–Peralta should be credited for the time he served in the MCC.